UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 2:13-cr-15-WTL-CMM |
| | ) | |
| DONALD  BICKEL, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON DEFENDANT'S MOTION FOR NEW TRIAL

This cause is before the Court on the Defendant Donald Bickel's motion for new trial. (Dkt. No. 70). The motion is fully briefed,[1] and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

## I.     STANDARD

Pursuant to Federal Rule of Criminal Procedure 33, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Although Rule 33 "does not define 'interests of injustice' . . . courts have interpreted the rule to require a new trial . . . [where] the substantial rights of the defendant have been jeopardized by errors or omissions during trial." *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989). Courts, however, "approach such motions with great caution and are wary of second-guessing the determinations of both judge and jury." *United States v. McGee*, 408 F.3d 966, 979 (7th Cir. 2005) (quoting *United States v. DePriest*, 6 F.3d 1201, 1216 (7th Cir. 1993)).

---

[1] Counsel for Bickel informed the Court on December 12, 2013, that he did not intend to file a reply in support of Bickel's motion for new trial.

## II.     DISCUSSION

On November 19, 2013, a jury found Bickel guilty of possession of a firearm by a felon

and possession of ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). Bickel argues

that the Court should vacate the jury's guilty verdicts and grant him a new trial for a number of

reasons. The Court, however, need only address one: whether the Government's failure to

disclose exculpatory evidence in violation of *Brady v. Maryland*, entitles him to a new trial. The

Court now finds that the cumulative effect of the Government's failure to disclose the period of

police surveillance prior to Bickel's arrest and the recorded statement made by Norman Arthur

Pilant at the scene of Bickel's arrest prior to trial, jeopardized the substantial rights of the

Defendant.

During the trial, Detective Josh Goodman with the Linton Police Department testified

that law enforcement officials obtained a warrant for Bickel's arrest on January 18, 2013.

Thereafter, officers conducted a period of surveillance during which they saw someone leave

Bickel's home and drive Bickel's truck to a wooded area. While the vehicle was parked in the

wooded area, officers saw an individual fitting Bickel's description standing next to the vehicle.

The officers continued on and did not stop and confirm the individual's identity.[2]

Approximately twelve hours later, on the morning of January 19, 2013, officers once

again located Bickel at his home and executed the arrest warrant. When the officers searched

Bickel, they found several rounds of .22 magnum ammunition in the pocket of his coveralls.

Additionally, two firearms—a New England 12-guage shotgun and a Marlin .22 magnum rifle—

were found in plain-view in Bickel's truck—the same truck that officers had seen parked in the

---

[2] The period of surveillance was not discussed in Detective Goodman's Probable Cause
Affidavit for Search Warrant or his supplementary case report, which were provided to Bickel
prior to trial.

wooded area. Officers also found various other rounds of ammunition scattered throughout

Bickel's home.

Bickel argues that Detective Goodman's testimony, particularly regarding the period of

surveillance, contained exculpatory information that he was entitled to receive prior to trial.

Specifically, Bickel argues that during the period of surveillance, none of the officers saw him

with the firearms in question, and none of the officers conclusively said that Bickel was in or

around the truck in which the firearms were eventually located. According to Bickel, "[t]his is

material and exculpatory evidence." Bickel's Mot. at ¶ 7. Indeed, Bickel presented evidence

during the trial that Pilant regularly drove Bickel's truck and was driving it on the morning of

January 18, 2013. Pilant also testified that he owned the guns in question, wore Bickel's

coveralls to go hunting, and often stayed at Bickel's home.

During the trial, Bickel moved for a mistrial on this same ground. The Court denied

Bickel's motion and concluded that

> the surveillance [alone] was . . . preliminary in nature and did not contain
> exculpatory evidence related to the firearms and ammunition located in the
> Defendant's residence and the Defendant's truck. Moreover, the Court determined
> that the Defendant did not suffer undue prejudice due to the Government's failure
> to disclose the surveillance information.

(Dkt. No. 65).

Bickel also argues that it was improper for the Government to withhold a recorded

statement made by Pilant at the scene of Bickel's arrest. According to Bickel,

> [a]t the time of [his] arrest a recorded statement was taken from Pilant by the
> Indiana State Police. That statement was never disclosed to the defense in spite of
> the fact that counsel had listed Pilant as a witness and personally spoken to the
> government about him.

Bickel's Mot. at ¶ 13. A CD containing the recording was not disclosed to Bickel until after the

trial.[3] On the CD, at minute 3:41, after the officer informs Pilant that they found drugs, shotgun

shells, and weapons in plain-view, Pilant states, "I [sic] . . . I need um, to find my guns, so…".

The Court finds this statement to be exculpatory evidence.[4]

The Court now finds that the cumulative effect of the Government's failure to disclose

the period of police surveillance prior to Bickel's arrest and the recorded statement made by

Pilant at the scene of Bickel's arrest prior to trial, entitles Bickel to a new trial. S*ee United States*

*v. Bhutani*, 175 F.3d 572, 576 (7th Cir. 1999) (Under *Brady* and its progeny, the government has

an affirmative duty to disclose any evidence in its possession that is favorable to the defendant

and is material to either the issue of guilt or punishment."). The cumulative effect of the evidence

in question was favorable to Bickel and was material to the issue of guilt. *See also Kyles v.*

*Whitley*, 514 U.S. 419, 459 (1995) (courts consider cumulative effect of all suppressed evidence

rather than each item of evidence individually).

---

[3] On November 25, 2011, Bickel filed a motion for specific discovery requesting, in part, "any and all exculpatory information regarding statements made by Arthur Pilant at the scene at the time of the Defendant's arrest." (Dkt. No. 62 at ¶ 2(b)). In response to the motion, the Government acknowledged that it had a "recorded statement made by Arthur Pilant to the officers at the scene at the time of Defendant's arrest," and agreed to provide Bickel with a copy. (Dkt. No. 63 at ¶ 1).

[4] The Court notes that Bickel did not specifically make this argument in his motion for new trial. Rather, Bickel simply states that the Government's failure to disclose the recording was improper. The Court recognizes that "a judge has no power to order a new trial on his own motion," *Carlisle v. United States*, 517 U.S. 416, 431 (1996), however, the Court is also aware of Seventh Circuit precedent holding that "if the judge believes there is a serious danger that a miscarriage of justice has occurred[,] . . . he has the power to set the verdict aside[,] . . . even if he does not think that he made any erroneous rulings at trial." *United States v. Morales*, 802 F.2d 604, 606 (7th Cir. 1990) (citation omitted); *see also United States v. Morales*, 910 F.2d 467, 468 (7th Cir. 1990) ("If the complete record, testimonial and physical, leaves a strong doubt as to the defendant's guilt, even though not so strong a doubt as to require a judgment of acquittal, the district judge may be obliged to grant a new trial.").

5

### III.     CONCLUSION

For the foregoing reasons, Bickel's motion for new trial is **GRANTED**. The new trial

shall be reset under separate order.

SO ORDERED: 12/18/2013

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.